**Gary SIDDALL, Plaintiff–Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellee.**

No. 99–17428.
D.C. No. CV–98–21023–JF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided Aug. 1, 2001.

Before SCHROEDER, Chief Judge, D. NELSON and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant, Gary Lee Siddall ("Siddall"), filed this bad faith claim against Appellee, Allstate Insurance Company ("Allstate") alleging Allstate unreasonably delayed resolution of his insurance claim. The district court granted Allstate's motion for summary judgment; Siddall appeals.

### I. Motion to Compel

■ Siddall alleges he had a "substantial need" for the mental impressions, conclusions, opinions, and/or legal theories of Allstate's attorney. In analyzing this contention, it is important to discern the difference between the attorney-client privilege and the work product doctrine. Even if we agreed that Siddall had a substantial need for the requested documents, a substantial need does not, as a matter of law, provide a legal basis for piercing the attorney-client privilege. It can, however, provide the basis for obtaining material withheld under the work product doctrine. *See Admiral Ins. Co. v. United States District Court for the District of Arizona,* 881 F.2d 1486, 1494 (9th Cir.1989).

■ Although Siddall does not specifically refer to documents 1, 4, 6, 17, and 74, his arguments relate only to these because they were the only materials withheld by the district court solely under the work product doctrine. Document 1 is a new assignment checklist. Documents 4, 6, 17, and 74 are each labeled as "attorney notes." Siddall did not produce any evidence to support the conclusion that the documents would provide information not available through other avenues of discovery. Siddall similarly did not contend that he tried unsuccessfully to receive the information through other channels. Siddall simply asserts that these documents were the work-product of Allstate's attorney and Siddall did not receive them; thus, there is a compelling need. Such an interpretation would amount to an automatic rule that work product must be turned over when a bad faith insurance claim is filed. We rejected such a rule in *Holmgren v. State Farm Mutual Automobile Ins. Co.,* 976 F.2d 573, 577 (9th Cir.1992), when we stated, "A plaintiff may be able to establish a compelling need for evidence in the insurer's claim file regarding the insurer's opinion of the viability and value of the claim. We review the question on a case-by-case basis."

We therefore affirm the decision of the district court on the basis that Siddall has not raised a material question of fact regarding a compelling need for the requested work product. *See Cigna Property and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418–19 (9th Cir.1998) (affirming a correct decision on a basis fairly supported by the record).**

### II. Additional Discovery

This case was removed to the district court on October 7, 1998. The district court set the discovery cutoff date for August 31, 1999. Siddall did not depose one

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit R. 36–3.

** Siddall argues that the phone logs (labeled "claim diary" in the Privilege Log) may have contained "independent facts related to a communication, that a communication took place, or the time, date and participants in the communication." This argument was squarely rejected by the district court following *in camera* review. We review the district court's decision that the documents were protected by the attorney-client privilege de novo. *See U.S. v. Munoz,* 233 F.3d 1117, 1128 (9th Cir.2000). Because we do not have the documents and Siddall has not requested an *in camera* review, Siddall has failed to raise a material question of fact regarding this issue.

witness until after the cutoff date had passed and he had already been granted an extension. We find the district court did not abuse its discretion in finding Siddall had sufficient time to conduct discovery.

█ The district court similarly did not abuse its discretion when it denied Siddall's motion to conduct additional discovery pursuant to Fed R. Civ. P. 56(f). Rule 56(f) requires the moving party to provide affidavits setting forth the particular facts expected from the additional discovery. *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 989 (9th Cir.1999). Siddall did not provide affidavits to the court. Thus, the district court did not abuse its discretion in denying Siddall's motion.

### III. Summary Judgment

█ Siddall alleges the district court erroneously granted Allstate's motion for summary judgment. A review of the correspondence between the parties reflects Allstate's good faith attempts to gather information in an effort to process Siddall's claim. Siddall repeatedly denied previous injuries to his knee. However, during discovery, Allstate learned that Siddall had sustained an injury to his right knee on January 1, 1995. Allstate did not act in bad faith by trying to discover the truth concerning previous injuries to Siddall's right knee. Siddall failed to raise a material issue of fact regarding his bad faith claim. AFFIRMED.